UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOYUHAO WANG and
DONGGUANSHIHUANGFUTOUDIANZIYOUXIANGONGSI
A/K/A NOAHCAM SECURITY CAMERA,

                                        Plaintiffs,

              -against-

LAVIEW EAGLE EYE TECHNOLOGY INC. and
AMAZON.COM, INC.,

                                        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **08/14/2025**

No. 24-cv-01822-NSR

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiffs, Boyuhao Wang ("Wang") and Dongguanshihuangfutoudianziyouxiangongsi a/k/a Noahcam Security Camera ("Noahcam"), collectively, ("Plaintiffs") initiated this action against Defendant Laview Eagle Eye Technology, Inc. ("Defendant Laview" or "Laview") asserting claims sounding in declaratory judgment, patent infringement and tortious interference. (ECF No. 1.) Thereafter, Plaintiff filed an Amended Complaint ("Am. Compl.") naming Amazon.com, Inc. ("Defendant A" or "Amazon") as a co-defendant and asserting similar claims.[1] (ECF No. 17.) Presently before the Court is Defendant Laview's motion seeking to dismiss Plaintiff's Am. Compl pursuant Federal Rules of Civil Procedure 12(b)(2), lack of personal jurisdiction, and Federal Rules of Civil Procedure 12(b)(3), improper venue. (ECF No. 24.) For the following reasons, Defendant Laview's motion is GRANTED.

---

[1] Plaintiff asserted an additional claim against both defendants sounding in anti-trust.

**PROCEDURAL BACKGROUND**

On March 9, 2024, Plaintiffs commenced this action by filing their complaint. On May 31, 2024, Plaintiffs filed an Am. Compl. naming Amazon as an additional defendant. On September 16, 2024, Defendant Laview filed its motion and memorandum of law in support seeking to dismiss the Am. Compl. (ECF No. 25.) Similarly, on September 16, 2024, Plaintiffs filed their opposition to the motion. (ECF No. 26.)

**FACTUAL BACKGROUND**

The following facts are taken from the Am. Compl., Plaintiff's Opposition ("Opp."), and Defendant's Motion to Dismiss ("Mot."). These facts are accepted as true and construed in the light most favorable to Plaintiffs for purposes of this motion.

Plaintiff Wang is an inventor of a new light bulb shaped security camera ("Light Bulb Camera") which can be mounted on any light bulb base. (Am. Compl. ¶ 1.) Wang obtained the U.S. Design Patent D1005370 ("the '370 Patent"), which was issued on November 21, 2023, from the U.S. Patent Application #29/849,730 ("730 Application") filed on August 12, 2022, which claims the priority[2] of Chinese Patent #307287094 ("the 'CN094 Patent"), filed on February 15, 2022. (*Id.*) Plaintiff Noahcam is a Chinese company with a principal place of business at 156 Jiuyang Street, Room 201, Dalang Town, Dongguan City, Guangzhou, P.R. China 523779. Noahcam is a licensee/assignee of the '370 Patent as of on or about October 28, 2023, to sell the Light Bulb Camera on its Amazon store. (*Id.* ¶ 2.)

Defendant Laview is a corporation based in the State of California with e-commerce store(s) on Amazon. (*Id.* ¶ 3.) Laview has its principal place of business in California, and the CEO resides

---

[2] An applicant who claims the priority of one or more earlier national, regional, or international applications for the same invention, the applicant must make the claim for priority in a request complying with regulation. (37 C.F.R. § 1.451(a))

in California. (Mot. at 6.) Laview is not licensed to do business in New York, has no offices or employees in New York, and has no bank accounts or other assets in New York. (*Id.*) Defendant Laview's e-commerce store on Amazon purportedly is in direct competition with Plaintiff, who sells on Amazon. (Am. Compl. ¶ 3.)

In the '370 Patent, Plaintiff Wang claims to have been the first to invent the Light Bulb Camera. (Am. Compl. ¶ 10.) The Am. Compl. alleges that a non-party, Xu, claims to be the second inventor of the Light Bulb Camera in the Chinese Patent #307776348 ("the 'CN348 Patent") filed on July 1, 2022. (*Id.* ¶ 11.) Xu purportedly helped Laview to become the third entity to claim the Light Bulb Camera in the U.S. Design Patent D992,628 ("the '628 Patent") filed on December 2, 2022. (*Id.* ¶ 12.) On June 27, 2023, Xu requested re-evaluation of the 'CN348 Patent and filed a claim with the Chinese State Intellectual Property Office. (Id. ¶ 13.) Reevaluation instituted on July 5, 2023, with the 'CN348 Patent invalidated over the 'CN094 Patent on August 31, 2023. (*Id.*) Defendant Laview attempted to enforce the '628 Patent against Plaintiffs and/or its licensee by filing a complaint with Amazon against Noahcam ("the Amazon Complaint"). (Opp. at 2.) As a consequence of the Amazon Complaint, Plaintiff's e-commerce store was locked regarding the sale of the disputed product. (*Id.* at 3.)

## LEGAL STANDARDS

### Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)")

A defendant may seek to dismiss a claim or action for lack of lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). If the court lacks personal jurisdiction over a named defendant, it must dismiss the action against said defendant. *Id*. "The lawful exercise of personal jurisdiction by a federal court requires satisfaction of three primary requirements." *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323-24 (S.D.N.Y. 2015) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank*, SAL, 673 F.3d 50, 59 (2d Cir. 2012)). First, "the plaintiffs service of process upon the defendant must

have been procedurally proper"; second, "there must be a statutory basis for personal jurisdiction that renders such service of process effective"; and third, "the exercise of personal jurisdiction must comport with constitutional due process principles." *Licci ex rel. Licci*, 673 F.3d at 59-60.

When confronted with a Rule 12(b)(2) motion, Plaintiffs bear the burden of establishing jurisdiction and must make a prima facie showing that jurisdiction exists. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Id.* at 35 (internal quotation marks omitted). The Plaintiffs must also "establish the court's jurisdiction with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

"Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith (*see* Fed. R. Civ. P. 11), legally sufficient allegations of jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt*, S.A., 902 F.2d 194, 197 (2d Cir. 1990); *accord Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). In deciding a Rule 12(b)(2) motion, the district court may consider materials outside the pleadings, including affidavits and other written materials. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012); *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 298 (S.D.N.Y. 1996), aff'd, 126 F.3d 25 (2d Cir. 1997). The court assumes the verity of the allegations "to the extent they are uncontroverted by the defendant's [opposing] affidavits." *MacDermid, Inc.*, 702 F.3d at 727 (internal quotation marks omitted). Nonetheless, all factual doubts or disputes are to be resolved in the plaintiff's favor. *See*, *e.g.*, *A.I. Trade Fin.*, *Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993).

In diversity cases, courts are required to perform a two-tier analysis: first, they examine the law of the state in which it sits to confirm whether it has personal jurisdiction over each defendant and, second, then consider whether its exercise of jurisdiction comports with due process as

guaranteed by the United States Constitution. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).

**Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)")**

A defendant may move to dismiss an action for lack of proper venue. Fed. R. Civ. P. 12(b)(3). "On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875 (JPO), 2018 WL 941747, at *1 (S.D.N.Y. Feb. 16, 2018) (internal quotations omitted) (quoting *Cartier v. Micha, Inc.*, No. 06-CV-4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007)). "Such a showing 'entails making legally sufficient allegations, including an averment of facts that, if credited, would suffice' to establish that ... venue is proper." *Jenny Yoo Collection, Inc. v. Watters Design Inc.,* No. 16-CV-2205 (VSB), 2017 WL 4997838, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 596–97 (S.D.N.Y. 2017)). In considering whether venue is proper, the Court "must view 'all facts in the light most favorable to the non-moving party.'" *Id.* (quoting *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011)).

When considering a Rule 12(b)(3) motion, the court is permitted to consider facts or averments outside the pleadings. *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 447 (E.D.N.Y. 2013). If there are disputed facts relevant to the venue determination, the court may hold an evidentiary hearing before resolving the Rule 12(b)(3) motion. *See Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 288 (E.D.N.Y. 2013) *citing New Moon Shipping Co. v. MAN B & W Diesel A.G.*, 121 F.3d 24, 29 (2d Cir.1997). Upon a finding of improper venue, a court may either dismiss the action, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Even when venue is [deemed] proper…, the Court may transfer an action pursuant to 28 U.S.C § 1404(a)" under certain circumstances. *Fleur*

*v. Delta Air Lines*, Inc., No. 15-CV-9513, 2016 WL 551622, at *1 (S.D.N.Y. Feb. 2, 2016) (quoting *Solar v. Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010)). 28 U.S.C. § 1404(a) permits the transfer of action commenced in a proper venue "[f]or the convenience of parties and witnesses, in the interest of justice."

Lastly, the Court must consider 28 U.S.C.A. § 1391 which governs the venue of all civil actions brought in district courts of the United States. Generally, a civil action may be brought in 1) a judicial district in which any named defendant resides, if all defendants are residents of the State in which the district is located; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) if there is no district in which an action may otherwise be brought, in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C.A. § 1391. As is relevant herein, "[a]…civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C.A. § 1400 ("Section 1400").

## DISCUSSION

Based upon a review of the pleadings and all relevant documents, Plaintiffs have not carried their burden to establish that it is proper for this Court to exercise personal jurisdiction over Defendant Laview. As it stands, exercising personal jurisdiction over Defendant would not comport with New York State law nor basic constitutional due process. Furthermore, due to the nature of the conduct and location of the parties, this Court also finds venue improper.

"[B]ecause a dismissal for lack of jurisdiction renders all other claims moot," "the Court first addresses the issue of personal jurisdiction." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 133 (S.D.N.Y. 2021) (citing *Darden v. DaimlerChrysler N. Am.*

*Holding Corp.*, 191 F. Supp. 2d 382, 386 (S.D.N.Y. 2002). The Court will therefore first determine whether Plaintiffs' pleadings are sufficient to support a finding warranting the Court exercising personal jurisdiction over Defendant Laview.[3] In diversity cases, courts perform a two-step analysis: first, they examine the law of the state in which it sits to confirm whether it has personal jurisdiction over each defendant and, second, whether its exercise of jurisdiction comports with due process as guaranteed by the United States Constitution. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). Here, the relevant law is that of New York State, wherein this action was commenced.

## I.    Personal Jurisdiction

Generally, a district court looks to the law of the forum state to determine whether it has personal jurisdiction over a foreign corporation. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016) "[A] court may exercise two types of personal jurisdiction over a corporate defendant properly served with process[:] ... specific (also called 'case-linked') jurisdiction and general (or 'all-purpose') jurisdiction." *Id.* "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state. General jurisdiction… permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff." *Id.* (internal citations omitted).

---

[3] In patent law cases, issues of personal jurisdiction are resolved pursuant to law of the Court of Appeals for the Federal Circuit. *See RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526, 535–36 (S.D.N.Y. 2018) (*citing JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 390 (E.D.N.Y. 2013)); *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002). The Federal Circuit's test for personal jurisdiction is identical to the one used by the Second Circuit. *RegenLab USA LLC* at 536. First, "we …apply the forum state's long-arm statute." *Id.* (*quoting Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015)). Then, "[i]f the long-arm statute permits personal jurisdiction, we analyze whether personal jurisdiction comports with due process protections established under the Constitution." *Id.* (citation omitted).

In New York, there are two relevant personal jurisdiction statutes, C.P.L.R. § 301 and § 302(a). After "determin[ing] whether the defendant is subject to jurisdiction under the law of the forum state—here, New York"—a district court must consider "whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)). As it relates to personal jurisdiction, the Due Process Clause requires that a non-domiciliary have "certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The crucial question is whether the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws[.]" *Sills v. Ronald Reagan Presidential Found., Inc.*, No. 09 Civ. 1188 (GEL), 2009 WL 1490852, at *10 (S.D.N.Y. 2009). Meeting the threshold set by Section 302(a)(1) will generally be sufficient to comport with due process. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006); *see also Sills*, 2009 WL 1490852 at *10 (citing *Cyberscan Tech., Inc. v. Sema Ltd.*, No. 06 Civ. 526 (GEL), 2006 WL 3690651, at *6 (S.D.N.Y. Dec. 13, 2006)).

A.    General Jurisdiction

C.P.L.R. § 301 provides that a court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore. The statue provides personal jurisdiction over a defendant if they are domiciled in New York, served with process in New York, or continuously and systematically does business in New York. *See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 77 N.Y.2d 28, 33 (1990); *Pichardo v. Zayas*, 122 A.D.3d 699 (2d Dept. 2014); *see also Wells Fargo Bank Minnesota, N.A. v. ComputerTraining.Com, Inc.*, No. 04-CV-0982, 2004 WL 1555110, at *2-3 (S.D.N.Y. July 9, 2004). General jurisdiction permits a court to adjudicate

8

any cause of action against a defendant that meets these criteria, "wherever arising, and whoever the plaintiff." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). "The Supreme Court has further clarified that the appropriate inquiry in determining whether a foreign corporation is subject to general jurisdiction in a state is whether that corporation's in-forum contacts 'are so continuous and systematic as to render [the corporation] essentially at home in the forum state.'" *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 761, 187 L.Ed.2d 624 (2014)).

Here, Plaintiffs do not allege that Defendant Laview is domiciled in New York, nor that it was served with process in New York. Conversely, the Am. Comp. states that Defendant Laview is based in California. (Am. Compl. ¶ 2.) Laview confirms that it is a California company with its principal place of business in that state. (Mot. at 6.) Moreover, Laview is not licensed to do business in New York, has no offices or employees in New York, and has no bank accounts or other assets in New York. (*Id.*)

In their Am. Compl., Plaintiffs assert several additional averments wherein they attempt to draw a connection between the named Defendants and New York State. Plaintiffs aver (1) "[u]pon information and belief, Amazon operates several warehouses within the State of New York;" (2) Laview attempted to restrain trade or commerce among the states, including New York, by illegally disrupting Noahcam's sale of Light Bulb Cameras to New York; (3) Laview and Amazon disrupted/blocked Noahcam's sale of Light Bulb Cameras to New York with a fraudulent to complaint against Noahcam; (4) Laview and Amazon committed tortious acts in New York, engaged in interstate commerce, and committed frauds and wrongfully and maliciously caused Noahcam's online store to close; and (5) Laview and Amazon's acts created injury to Noahcam and to consumers in the State of New York. (Am. Compl. ¶¶ 4, 8, 9.) Such averments, however,

are insufficient. At best, the statements are conclusory in nature lacking in any specificity and do not arise to the level which would enable the Court to conclude that the Defendant continuously and systematically do business such that would subject it to general personal jurisdiction. *See Twin Beauty LLC v. NR Interactive LLC*, No. 24-CV-7412 (RPK) (RML), 2024 WL 5108153, at *3 (E.D.N.Y. Dec. 14, 2024) (plaintiff unsuccessfully argued that general jurisdiction was appropriate because Defendants conducted regular business in New York through sales on Amazon.com and other websites.) As the court in *Twin Beauty* held, the facts as presented "falls far short of establishing that [] defendant is 'at home' in New York." *Id.*

Although Plaintiffs correctly assert that the Defendants offer goods for sale through an e-commerce platform available in New York and that discovery would (possibly) unveil a number of sales within this judicial district (Opp. at 5), such an assertion still fails. To sustain personal jurisdiction under C.P.L.R. § 301, New York courts mandate "substantial solicitation that is carried on with a considerable measure of continuity and from a permanent locale within the state." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 763 (2d Cir. 1983) (quoting *Stark Carpet Corp. v. M-Geough Robinson, Inc.*, 481 F. Supp. 499, 505 (S.D.N.Y.1980) (internal citations omitted)). An unspecified number of sales of a defendant's product to New York, without more, falls short of "doing business" such that would satisfy N.Y. C.P.L.R. § 301. *Id.* "The shipment of goods into New York does not *ipso facto* constitute "doing business." *Id.* at 762–63; s*ee also Loria & Weinhaus, Inc. v. H. R. Kaminsky & Sons, Inc.*, 495 F. Supp. 253 (S.D.N.Y. 1980) (mere shipment of goods by defendant into New York held to not constitute "doing business" in New York). Accordingly, the Court determines that Plaintiffs have failed to demonstrate general personal jurisdiction over Defendant Laview in accordance with C.P.L.R. § 301.

B.    Specific Jurisdiction

C.P.L.R. § 302(a), commonly referred to as the long-arm statute, provides in relevant part:

a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Generally, New York's long-arm statute, conveys specific personal jurisdiction over a foreign defendant that: 1) "transacts any business within the state or contracts anywhere to supply goods or services in the state," 2) "commits a tortious act within the state," 3) "commits a tortious act [outside] the state causing injury to person or property within the state," or 4) "owns, uses or possesses any real property situated within the state." N.Y. C.P.L.R. § 302(a).

"To establish personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1), "transacts any business within the state or contracts anywhere to supply goods or services in the state, "two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci,* 732 F.3d at 168 (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). In New York, "a claim arises from a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon,' or when 'there is a substantial relationship between the transaction and the claim asserted.'" *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007) (quoting *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt.*, LLC, 450 F.3d 100, 103 (2d Cir. 2006) (alterations omitted)). The "arising from" prong does not require a causal link between the defendant's New York business activity and a plaintiff's injury but rather requires "a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim. *Licci* at 168–69. Because Plaintiff's Am.

Compl. alleges only that Defendant offers goods for sale through an e-commerce platform available in New York, Plaintiffs fail to sufficiently plead facts to support a finding of an articulable nexus between the business transacted and the cause of action sued upon.

Plaintiffs also alleges that Defendant Laview "tortiously interfered with Noahcam's business relationship with Amazon through its wrongful and malicious conduct, causing substantial damages." (Am. Compl. ¶ 33.) Plaintiffs further allege that Defendant's conduct harms consumers in the State of New York. (Am. Compl. ¶ 9, Opp. at 3.) C.P.L.R. § 302(a)(2) confers personal jurisdiction upon an actor that commits a tortious act within the state, except as to a cause of action for defamation. New York State courts have interpreted C.P.L.R. § 302(a)(2) to mean that a nondomiciliary is subject to New York's long-arm jurisdiction pursuant to this subsection when they have committed a tortious act, in person or through an agent, while physically present within the boundaries of this state. *Feathers v. McLucas*, 15 N.Y.2d 443, 458, 261 N.Y.S.2d 8 (1965); *OS Cap. v. Recycling Paper Partners of PA, LLC*, 220 A.D.3d 25, 27, 196 N.Y.S.3d 382, 385 (2023). "The Second Circuit has interpreted the statute similarly. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (C.P.L.R. § 302(a)(2) requires that the defendant or his agent be physically present in New York and the failure to perform a duty in New York is not a tortious act in this state, under the cases, unless the defendant or his agent enters the state).

CPLR 302(a)(3) confers specific jurisdiction upon a showing of five elements:

First, that defendant committed a tortious act outside the state; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce.

*Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 805 (S.D.N.Y. 2015), aff'd, 660 F. App'x 43 (2d Cir. 2016). "Under C.P.L.R. 302(a)(3), the site of a commercial injury is not where the economic loss is felt, 'but where the critical events associated with the dispute took place.'" *JCorps Int'l, Inc.*

*v. Charles & Lynn Schusterman Fam. Found.*, 828 F. App'x 740, 744 (2d Cir. 2020) (quoting *Benifits by Design Corp. v. Contractor Mgmt. Servs., LLC*, 75 A.D.3d 826, 905 N.Y.S.2d 340 (2010)). Thus, "the court must apply a 'situs-of-injury-test' to determine where the original event which caused the injury occurred. When the alleged act is tortious interference with contract, the location where the defendant allegedly interfered with the contract, not where the plaintiff lost business as a result of the tort, is the place of injury." *Int'l Telecom, Inc. v. Generadora Electricia del Oriente, S.A.*, No. 00 CIV. 8695 (WHP), 2002 WL 1072230, at *2 (S.D.N.Y. May 28, 2002) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir.1999)); *see also Nat'l Tel. Directory Consultants, Inc. v. BellSouth Adver. & Publ'g Corp.*, 25 F. Supp.2d 192, 198 (S.D.N.Y. 1998) (holding that the mere allegation of potential lost customers in New York does not support long-arm jurisdiction).

Here, Plaintiffs assertions fall short of the requisite standard. Though it is unclear where the alleged tortious act occurred, Plaintiffs assertions, lacking in any specificity, include that "Laview attempted to restrain trade or commerce among the states, including New York, by illegally disrupting Noahcam's sale of Light Bulb Cameras to New York" and that Laview's conduct, together with Amazon, disrupted/blocked sales of Light Bulb Cameras to New York. Such allegations are insufficient to demonstrate that New York is where the critical events associated with the dispute took place.

Lastly, Plaintiffs reliance on 28 U.S.C § 2201 is misplaced. 28 U.S.C. § 2201(a) provides, in relevant part, that in a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996) (internal citation omitted). The statute does not provide an independent basis for subject

matter jurisdiction but rather provides a discretionary remedy. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S. Ct. 2137, 2143 (1995). "In other words, the statute "creates a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023) *quoting United States v. Doherty*, 786 F.2d 491, 498 (2d Cir. 1986). Thus, the statute is not a basis for conferring personal jurisdiction.

## II.     Venue

Venue for purposes of patent cases is governed by 28 U.S.C. § 1400(b). The patent infringement venue statute was enacted to specifically narrow venue for such suits. *Pure Oil Co. v. Suarez*, 384 U.S. 202, 207, 86 S. Ct. 1394, 1397 (1966). 28 U.S.C. § 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id.* It is well settled that a domestic corporation resides in its "state of incorporation only," *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 226, 77 S. Ct. 787 (1957).

Prior to the U.S. Supreme Court's decision in *TC Heartland*, there were some questions on whether § 1400(b) was supplanted by Congress's amendment of the general venue statute 28 U.S.C. § 1391 in 1988, which as amended provided that "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 137 S. Ct. 1514, 1519 (2017) (quoting Judicial Improvements and Access to Justice Act, § 1013(a), 102 Stat. 4669). The Court's opinion clarified that the 1988 amendment had no impact on the court's interpretation of § 1400(b). *TC Heartland,* 581 U.S. at 260, 137 S. Ct. at 1516. Moreover, the Court emphasized that Congress "placed patent infringement cases in a class by themselves, outside the scope of general venue

14

legislation." *TC Heartland*, 581 U.S. at 264, 137 S. Ct. at 1518. Consequently, *TC Heartland* reaffirmed the Court's prior holding in *Fourco* that a domestic corporation's residence for purposes of patent venue is only the state in which it was incorporated. *See TC Heartland*, 581 U.S. at 263, 137 S. Ct. at 1517.

Here, Defendant Laview is incorporated in California, (Mot. at 6); thus, venue is only proper in New York if it committed acts of infringement in this District and has a regular and established place of business herein. 28 U.S.C. § 1400(b). *In re Cray Inc*., the Federal Circuit articulated a test for determining the existence of a "regular and established place of business." 871 F.3d 1355, 1360 (Fed. Cir. 2017). The *In re Cray Inc.* test requires a plaintiff to show that the defendant: (1) has " a "place of business" in the district; (2) its place of business must be "regular and established"; and (3) the regular and established place of business must be the "place of the defendant." *Id.* at 1362*; Peerless Network, Inc. v. Blitz Telecom Consulting*, LLC, No. 17-CV-1725 (JPO), 2018 WL 1478047, at *2 (S.D.N.Y. Mar. 26, 2018).

While the place of business need not be a "fixed physical presence in the sense of a formal office or store, "there must still be a physical, geographical location in the district from which the business of the defendant is carried out. *In re Cray Inc.*, 871 F.3d at 1362 (internal citations omitted). For a business entity to meet the "regular" standard, its activities must be more than sporadic such that it operates in a "steady[,] uniform[,] orderly[, and] methodical" manner. *Id.* As for the place of the defendant, the defendant must establish or ratify the place of business. *Id.* at 1363.

Plaintiffs assertions do not meet the requisite standard pursuant to 28 U.S.C. § 1400(b) of demonstrating that Defendant Laview has a regular and established place of business in New York. Plaintiffs mere assertion that Defendant Laview offers the sale of their product to consumers on an

online platform that could be purchased in the State of New York is insufficient. Accordingly, venue is improper in this District.

## CONCLUSION

In light of the foregoing, the Court GRANTS Defendant Laview's motion to dismiss for lack of personal jurisdiction and improper venue. The Complaint is dismissed, without prejudice, as against Defendant Laview. Plaintiff is granted leave to recommence the action in the proper forum. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 24.

Dated: August 14, 2025          SO ORDERED,
White Plains, New York

_____
        Hon. Nelson S. Román
        U.S. District Court, SDNY